(No. 1939—

CARL CARLSON, Claimant *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 21, 1934.*

ARNOLD L. LUND, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

The claim herein filed on July 7, 1932, represents that claimant, on the 11th day of October, 1931, about 10:00 P. M., was driving on the public highway known as 127th Street in the town of Worth, Illinois; that there existed on said highway an excavation about eight feet square and several feet deep, made by employees of the State Highway Department; that it then and there became "the duty of the defendant, the said Highway Department, to exercise due care and caution in protecting the property or persons of others then and there lawfully present, etc." That claimant was riding at approximately twenty-five miles an hour in his automobile, and was exercising due care and caution for his own safety and for that of others then present, but that the defendant, not regarding its duty in that behalf, carelessly, negligently, wilfully and improperly neglected to place and keep a lighted lamp, light or flare or to take other precautions to warn other approaching vehicles or to place any other protection around the excavation in question, and by reason of such negligence the automobile of claimant was overturned and plaintiff was injured and was forced to lay out certain sums of money, all as shown by his Bill of Particulars, amounting to the total of $132.75.

The Attorney General has filed his motion to dismiss the complaint by reason of the fact that such claim is predicated upon the charge of negligence upon the part of employees and agents of the State of Illinois in the State Highway Department, and that under the law, the rule of *respondeat superior* does not apply and that there can be no liability upon the part of the State for which an award could legally be made by this court.

As cited by respondent in its brief,

"The State acts in its sovereign capacity, and does not submit its action to the judgment of courts and is not liable for the torts or negligence of its agents, and a corporation created by the State as a mere agency for the more efficient exercise of governmental functions is likewise exempted from the obligation to respond in damages, as master, for negligent acts of its servants to the same extent as is the State itself, unless such liability is expressly provided by the Statute creating such agency."

*Kinnare* vs. *City of Chicago*, 171 Ill. 332-335.

"In the construction and maintenance of its roads, the State acts in the governmental capacity and in the exercise of such governmental functions it does not become liable in actions of tort by reason of the malfeasance, mis-

feasance or negligence of its officers or agents in the absence of a Statute creating such liability.' Such has been the settled decision of this court for many years."

> *Bucholz, Admx.* vs. *State,* 7 C. C. R. 241.
> *Peterson* vs. *State,* 6 C. C. R. 77.
> *Braun* vs. *State,* 6 C. C. R. 104.

There is no averment in the complaint that the highway in question was under the control of the State of Illinois, but under the contentions of the Attorney General and the matters above set forth, such fact would be immaterial.

The motion to dismiss is allowed and claim dismissed.